JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Charles Rodeback appeals from his convictions and sentence following his entry of guilty pleas to four counts of gross sexual imposition.
 {¶ 2} Appellant contends that he was denied his right to effective assistance of counsel, that his pleas were "obtained" involuntarily, and that the trial court failed adequately to comply with statutory requirements in pronouncing sentence upon him. After a review of the record, this court disagrees with appellant's contentions. Appellant's convictions and sentence, therefore, are affirmed.
 {¶ 3} Appellant originally was indicted in this case on August 3, 2000. The indictment contained four counts, each of which charged appellant with violation of R.C. 2907.05, gross sexual imposition. Each of the crimes was alleged to have occurred between January 1, 2000 and April 30, 2000 with a female victim born on December 23, 1988. Appellant pleaded not guilty to the indictment and retained counsel to represent him.
 {¶ 4} Following a period of discovery, appellant agreed to enter a plea of guilty to the indictment. At the November 29, 2000 plea hearing, defense counsel represented to the trial court that he had advised appellant of "each and every one of his constitutional rights" and, further, had "gone over extensively if [appellant] chose to go to trial what the evidence would be against him." Counsel stated appellant was willing to enter his guilty plea "without any promises, threats, or any types of inducements."
 {¶ 5} The trial court thereupon addressed appellant. Appellant agreed with his counsel's declarations and affirmed for the trial court he was satisfied with counsel's representation of him in the proceedings. He acknowledged his awareness of the potential penalties involved, the potential he would be declared a sexually-oriented offender, and each of the rights he would be relinquishing in entering his plea. Subsequently, the trial court accepted appellant's plea of guilty to the indictment. The trial court entered findings of guilt on each count. Appellant then was remanded while a presentence report was prepared.
 {¶ 6} The record reflects that prior to his sentencing hearing, appellant submitted a lengthy letter to the trial court. In it, appellant indicated its purpose was fourfold: to tell the trial court his "side of this horrible offense;" to explain his family and criminal background; to protest his innocence; and, in view of that, to request he not be sent "to jail." Appellant intimated he wrongly had been accused in place of the victim's father. Appellant also stated he had pleaded guilty on the advice of his attorney in order to avoid the possibility of reindictment for rape, which spared him the potential of "go[ing] to prison for the rest of [his] life." In closing, appellant requested the trial court to "take some of this letter in consideration" in deciding "to do the right thing."
 {¶ 7} Appellant's case was called for sentencing on January 17, 2001. In pertinent part, defense counsel requested the trial court to consider concurrent sentences if it decided to send appellant to prison. For his part, appellant reiterated "everything [he] did put in the letter [was] the honest to God's truth" and that he had "never touched" a child.
 {¶ 8} The trial court, in response, stated that in view of its duty to consider "a variety of factors" prior to pronouncing sentence, and the "issues" appellant raised in his letter, the trial court had, with the "agreement of counsel," spoken with the victim to assess for itself whether she had been "coached." The trial court indicated its belief she had been "very truthful about what she told." Furthermore, the trial court indicated the victim's impact statement and appellant's criminal record both also had been important in its evaluation of the statutory sentencing factors.
 {¶ 9} The trial court thereupon concluded that it was "not going to find [appellant] to be amenable to community control." The trial court sentenced appellant to terms of incarceration of five years on each count; the first three counts were to be served consecutively, while the last count was ordered "concurrent" to the others.
 {¶ 10} Appellant has been permitted to file a delayed appeal in this case. The first two of appellant's three assignments of error are interrelated and thus are addressed together as follows:
 {¶ 11} APPELLANT WAS DENIED HIS RIGHTS TO
 EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 12} THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA AS IT WAS OBTAINED INVOLUNTARILY.
 {¶ 13} Appellant presents two arguments he asserts render his guilty plea to the indictment invalid. He first contends the attorney he retained made little effort in representing him and "threatened" him into making the plea. Appellant supports this contention by alluding to self-serving statements he made in his letter addressed to the trial court.
 {¶ 14} The test for determining whether counsel was constitutionally ineffective is that offered in Strickland v. Washington
(1984), 466 U.S. 668. State v. Bradley (1989), 42 Ohio St.3d 136, 142. A two-prong test is employed to evaluate counsel's performance, viz., appellant must demonstrate it was deficient, and appellant must demonstrate that the deficient performance prejudiced his defense. Id.; see also, State v. Xie (1992), 62 Ohio St.3d 521, 524.
 {¶ 15} However, a reviewing court is limited to what transpired in the trial court as reflected by the record made of the proceedings. Statev. Ishmail (1978), 54 Ohio St.2d 402, paragraph 1 of the syllabus. Appellant herein supports his first contention based upon unsworn statements that do not appear in the transcripts of either his plea or his sentencing hearings; hence, this court cannot consider them. Statev. Melton (Mar. 18, 1993), Cuyahoga App. No. 62074.
 {¶ 16} The record reflects only that counsel was well-prepared and knowledgeable about appellant's case. There is nothing to support a claim appellant was "threatened" into entering his plea in the face of the contrary affirmation appellant made to the trial court during his plea hearing. State v. Moore (May 24, 2001), Franklin App. No. 00AP-806.
 {¶ 17} Moreover, even had defense counsel urged appellant to enter the guilty plea to avoid more serious consequences, this would not invalidate appellant's plea. State v. Xie, supra. Counsel's advice to his client to enter into a plea in order to forestall any further prosecutions based upon the client's same activities is an appropriate defense strategy. State v. Brahler (Dec. 12, 2000), Cuyahoga App. No. 76941.
 {¶ 18} Therefore, appellant's first contention must be rejected.
 {¶ 19} Similarly, although appellant next contends the record supports a conclusion his plea should be vacated because he later protested his innocence of the charges, appellant's contention must be rejected.
 {¶ 20} It is obvious from the totality of the circumstances of the plea hearing appellant fully understood the implications of his plea.State v. Gore (July 2, 1992), Cuyahoga App. No. 60760. Indeed, the number of pretrial hearings held in appellant's case itself supports defense counsel's statement to the trial court that appellant's plea agreement was the result of "extensive" consultation between appellant, defense counsel, and the prosecutor.
 {¶ 21} Moreover, appellant filed no motion to withdraw his plea.State v. Johnson (Oct. 29, 1998), Cuyahoga App. No. 73515. His assertion on appeal that the letter he sent to the trial court constituted such a motion is belied both by the letter's contents and appellant's failure to make such a request either prior to or following the trial court's pronouncement of sentence.
 {¶ 22} For the foregoing reasons, appellant's first two assignments of error lack merit. Accordingly, they are overruled.
 {¶ 23} Appellant's third assignment of error states:
 {¶ 24} THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14
AND R.C. 2929.19.
 {¶ 25} Appellant argues the trial court failed to state the necessary findings prior to imposing maximum and consecutive sentences upon him. Appellant's argument is unpersuasive.
 {¶ 26} R.C. 2929.14(C) and (E)(4) specify the findings a trial court must make when imposing maximum and consecutive sentences upon a defendant. In this case, the trial court found appellant deserved the maximum term for committing the "worst form" of the offenses of gross sexual imposition, since they involved the victimizationof his eleven-year old granddaughter, "insertion" as well as "inappropriate touching," and "ejaculation on" the victim. State v. Barker (Sept. 13, 2001), Cuyahoga App. No. 78965.
 {¶ 27} The trial court further made the requisite findings for the imposition of consecutive terms. It determined in view of appellant's criminal record[1] and the harm that the victim had suffered[2] such sentences were "necessary to protect the public, punish the offender," and were "not disproportionate to [appellant's] conduct because of the danger he imposes (sic) and the harm [was] so great or unusual that a single term [did] not adequately reflect the seriousness of this conduct."
 {¶ 28} Finally, the trial court's concluding observation that there was "evidence of repetitive behavior, and the child the age of eleven years old here, sexual behavior, which is inexcusable," is adequate to constitute a "finding" that gave its "reasons" for the imposition of both maximum and consecutive terms. R.C. 2929.19(B)(2); State v. Jeffries
(Mar.22, 2001), Cuyahoga App. No. 76880; State v. Tate (Oct. 26, 2000), Cuyahoga App. No. 77462; see also, State v. Payton (Dec. 13, 2001), Cuyahoga App. No. 79302.
 {¶ 29} Since the trial court thus adequately complied with the statutory requirements in pronouncing appellant's sentence appellant's third assignment of error also is overruled. Appellant's convictions and sentence are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and DIANE KARPINSKI, J. CONCUR
[1] In response to the trial court's review of appellant's criminal record, appellant himself alluded to his previous convictions for the crimes of kidnapping and attempted murder.
[2] The trial court mentioned the victim had required extensive psychological counseling in addition to medication for clinical depression.